IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>CALAR BRAXTON    ) | Criminal No. 18-269-1 |

**MEMORANDUM ORDER**

Presently before the Court is Defendant Calar Braxton's *pro se* Letter/Motion in which she requests that the Court reconsider its sentence of imprisonment and sentence Ms. Braxton to home confinement.[1]  ECF No. 196.  The request is made based on her weakened immune system, the delay and allegedly poor treatment of her recent medical issues at the Allegheny County Jail that eventually required treatment at a local hospital, and the COVID-19 pandemic.  Prior to sentencing, Ms. Braxton's counsel filed a sentencing memorandum advocating that the Court vary below the advisory Guideline Sentencing Range and impose a sentence of home confinement.  The Court carefully considered this request, and for reasons stated on the record, imposed a sentence of incarceration.  While the Court is sympathetic to Ms. Braxton's health concerns set forth in her Letter/Motion, the Court maintains that a sentence of incarceration remains appropriate.

In any event, a court may correct or modify a sentence only under certain limited circumstances, not applicable here.  Under Federal Rule of Criminal Procedure 35(a) the Court may correct an arithmetical, technical, or other clear error within fourteen days after imposition of the sentence.  In addition, 18 U.S.C. § 3582(c) provides for very specific and limited circumstances under which a court may modify a sentence after it has been imposed.  The most

---

[1] Defendant's submission was made *pro se* despite that she is represented by appointed counsel, Attorney Michael DeRiso, in these proceedings. The Court denies Defendant's *pro se* motion for the reasons herein; however, Defendant is not entitled to hybrid representation. *See United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("Pro se litigants have no right to 'hybrid representation' because '[a] defendant does not have a constitutional right to choreograph special appearances by counsel.'")).

applicable provision of this statue to this case is section 3582(c)(1)(A)(i), which permits a modification of sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). However, such a motion must be made by the Director of the Bureau of Prisons, or by the Defendant, if administrative remedies aimed at getting the Director to file such a motion have been exhausted. 18 U.S.C. § 3582(c)(1)(A). Thus, this section does not apply.

Ms. Braxton was sentenced on April 2, 2020. It is likely that she will soon be notified that she will be transported from the Allegheny County Jail to a Bureau of Prison's facility, hopefully as close as possible to her home in Florida, to serve the remainder of her sentence.

AND NOW, this 15th day of April, 2020, Defendant's Letter/Motion requesting that her sentence be modified from incarceration to home confinement is DENIED.

/s *Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:   Calar Braxton, pro se
      DOC Number 185934
      POD 4F-221
      Allegheny County Jail
      950 2ND AVE
      Pittsburgh, PA  15219-3100