IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-269 |
| | ) |
| CALAR BRAXTON | ) |

## MEMORANDUM OPINION and ORDER

Petitioner Calar Braxton has filed a pro se Motion for Early Termination of Supervised Release. ECF No. 278. The government has filed a response, opposing the motion. ECF No. 280. For the reasons explained below, the Motion will be denied.

### I. Background

Ms. Braxton pleaded guilty to one count of conspiracy to possess and utter counterfeit securities in violation of 18 U.S.C. § 371 and one count of possessing and uttering a counterfeit security in violation of 18 U.S.C. § 513(a). Her guideline sentence range was 46 to 57 months' imprisonment. The Court varied from the guideline range and sentenced Ms. Braxton to 41 months' imprisonment, to be followed by supervised release for two years. An Amended Judgment was entered on September 14, 2021, with an amended sentence of time served. No other aspects of the original judgment were amended. Ms. Braxton's term of supervision began when she was released from her federal term of imprisonment on September 30, 2021. However Ms. Braxton had an outstanding Florida state criminal charge. She voluntarily self-reported to Florida after she was released from federal custody in Philadelphia to face the Florida state charge. In approximately October 2021, Ms. Braxton was sentenced to a term of Florida state imprisonment that lasted until she was released on July 11, 2022.

## II. Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" Melvin, 978 F.3d at 52–53 (3d Cir. 2020) (quoting United States v. Gammarano, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" as "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that

---

[1] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

something will have changed in the interim that would justify an early end to a term of supervised release." Melvin, 978 F.3d at 53.[2]

### III.  Ms. Braxton's Argument

Ms. Braxton argues that she is hampered in both her personal and professional life by the special condition of supervision that prohibits her from incurring new credit charges or opening additional lines of credit without prior written approval of her Probation Officer. In her favor, she points out that she voluntarily self-reported from Philadelphia to Florida in order to face her Florida criminal charge. Once in Florida, while awaiting final resolution of her state charge, Ms. Braxton kept in touch with probation offices in both Florida and Pittsburgh. She is currently starting her own catering business while simultaneously working a separate job. She maintains that her efforts at improving her situation are hampered by her inability to apply for credit without seeking approval from her Probation Officer

### IV.  Discussion

Ms. Braxton does not appear to have served the statutorily required one year of supervised release to qualify for early termination of supervision. 18 U.S.C. § 3583(e)(1). Ms. Braxton's time in Florida state custody, served after her release from federal custody, is not considered as credited time towards her term of supervised release. See Mont v. United States, --- U.S. --- , 204 L. Ed. 2d 94, 139 S. Ct. 1826, 1832 (2019) (pretrial detention later credited as time served for a new conviction is "imprison[ment] in connection with a conviction" and thus tolls the supervised-release term under § 3624(e)); United States v. Island, 916 F.3d 249, 254–55 (3d Cir. 2019) ("in the case of imprisonment, where the

---

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. United States v. Melvin, 978 F.3d 49, 53 (3d Cir. 2020).

defendant's own actions lead to interruption of the release term, the release term would toll"); United States v. Wadlington, No. CR 12-457-2, 2022 WL 206173, at *1 (E.D. Pa. Jan. 24, 2022) (defendant did not begin his supervised release until state custody sentence was completed). Therefore, as of the date of this Opinion, Ms. Braxton has spent no more than seven months on federal supervised release. Thus, her request for early termination is denied as premature.

Furthermore, the Court concludes that, regardless of absence of one-year supervision, early termination of supervision is not warranted in this case. The Court acknowledges that Ms. Braxton appears to be compliant with the terms and conditions of her supervision. The Court expects that all defendants on supervised release will successfully comply with the conditions of supervision. Thus, compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. In addition, the offenses of conviction at issue are financial fraud crimes that involved counterfeit checks and an elaborate scheme to fraudulently obtain money from retail stores. Such offenses specifically justify the imposition of the special condition that requires Ms. Braxton to obtain prior written approval from her Probation Officer before incurring new credit charges or opening additional lines of credit. Finally, Ms. Braxton, along with her co-defendants, were ordered to pay restitution in the amount of $962,840.47. Ms. Braxton has made payments towards the restitution amount; however, the vast bulk of the restitution amount remains outstanding, which also favors maintaining supervised release. For all these reasons, the Court declines to terminate Ms. Braxton's supervised release.

V.     **Conclusion**

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), the Court finds that it is not in the interest of justice to terminate Ms. Braxton's supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 30th day of January 2023, it is hereby ORDERED that Calar Braxton's Motion for early Termination of Supervised Release, ECF No. 278, is DENIED.

_____
Marilyn J. Horan
United States District Court Judge

cc:     Calar Braxton, pro se
        777 North Orange Avenue
        Apt. 411
        Orlando, FL  32801